

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN STERK, individually, and on behalf of other similarly situated individuals, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 11 C 1894 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| BEST BUY STORES, L.P. and BESTBUY.COM, LLC d/b/a BEST BUY, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin Sterk has filed a Second Amended Complaint against Best Buy Stores, L.P. ("Best Buy") and BestBuy.com, LLC ("BestBuy.com"), seeking damages for Defendants' alleged unlawful disclosure and retention of Plaintiff's personally identifiable information ("PII") in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710 *et seq*. Plaintiff brings a claim for violation of VPPA Section 2710(b) (Count I), violation of VPPA Section 2710(e) (Count II), and breach of contract (Count III). Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

**BACKGROUND**

Plaintiff filed his Complaint on March 18, 2011, and an Amended Complaint on June 1, 2011. On March 6, 2012, the Seventh Circuit issued a decision in another case brought by Plaintiff and his counsel, *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535 (7th Cir. 2012) (*Sterk I*), in which the Court of Appeals held that VPPA Section 2710(c) did not authorize a private right of action for unlawful retention of

personal information in violation of Section 2710(e). Based on this decision, Defendants in this case moved for judgment on the pleadings. On March 19, 2012, Plaintiff filed his Second Amended Complaint.

The following facts are taken from Plaintiff's Second Amended Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (*Reger*).

Defendants sell a variety of consumer electronic products, including movies on digital video discs ("DVDs"). (Sec. Am. Compl. ¶ 1.) Defendants each maintain digital records that detail their customers' movie purchase histories. (*Id.* ¶ 2.) Defendants also maintain records, containing their users' billing and contact information. (*Id.*) Defendants each disclose their customers' movie purchase histories to Best Buy Co., Inc. (*Id.* ¶ 5.)

Plaintiff purchased DVDs from Defendants on the following dates: September 28, 2004, from one of Defendants' locations in Champaign, Illinois; August 6, 2006, from one of Defendants' locations in Crestwood, Illinois; and March 7, 2008, from one of Defendants' locations in Chicago, Illinois. (*Id.* ¶ 37.) Plaintiff's transactions were completed more than one year ago, and Defendants continue to store and maintain Plaintiff's movie purchase history, name, and credit card number. (*Id.* ¶ 38.) Defendants disclosed and continue to disclose Plaintiff's movie purchase history to Best Buy Co., Inc. (*Id.* ¶ 40.) Neither Defendant notified Plaintiff before they began disclosing his PII and movie purchase history to Best Buy Co., Inc., and Plaintiff never consented to such disclosures. (*Id.* ¶ 41.) Plaintiff never gave Best Buy or

BestBuy.com his consent to retain his PII and movie purchase history indefinitely. (*Id.* ¶ 42.)

**LEGAL STANDARD**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

*Defendants' Motion to Dismiss Counts I and II Pursuant to Rule 12(b)(6) – The Sufficiency of the Complaint*

As a preliminary issue, Defendants ask the Court to take judicial notice of three receipts relating to Plaintiff's purchase of DVDs from Defendants and a screenshot of Defendants' website in 2004. Defendants argue that the Court may consider these receipts without converting this Motion to a motion for summary judgment because "Plaintiff's Complaint includes a breach of contract claim, and the contract in question is Best Buy's sale of DVDs to Plaintiff." (Mot. at 1, n.2.)

On a Rule 12(b)(6) motion to dismiss, the court generally must confine its inquiry to the factual allegations set forth within the four corners of the operative complaint. *See Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002) (*Rosenblum*). But, there is an exception to this general rule. Documents that "are referred to in the plaintiff's complaint[,] are central to her claim," *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), and are "concededly authentic," fall within this "narrow" exception. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Where a defendant submits "a document in support of his Rule 12(b)(6) motion that require[s] discovery to authenticate or disambiguate[,] . . . the judge would be required to convert the defendants' motion to a Rule 56 motion if he were minded to consider the document in deciding whether to grant the motion." *Id.* at 739. Here, it is not apparent that Plaintiff's Second Amended Complaint specifically refers to the documents submitted by Defendants, and Defendants offer nothing to authenticate the purported receipts as those

evidencing the transactions Plaintiff references. Therefore, these documents are not properly considered. *See* Fed. R. Civ. P. 12(d).

Count I – Section 2710(b) of the VPPA

Plaintiff asserts two claims under the VPPA. In Count I, Plaintiff alleges a violation of Section 2710(b) of the VPPA; specifically, that when Plaintiff purchased DVDs from Defendants, Defendants disclosed and continue to disclose Plaintiff's PII, including his movie purchase history, to Best Buy Co., Inc. (Sec. Am. Compl. ¶ 56.)

Section 2710(b) provides:

> **(b) Video tape rental and sale records.**
>
> (1) A video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person for the relief provided in subsection [(c)].[1]
>
> (2) A video tape service provider may disclose personally identifiable information concerning any consumer —
>
> (A) to the consumer;
>
> (B) to any person with the informed, written consent of the consumer given at the time the disclosure is sought;
>
> (C) to a law enforcement agency pursuant to a warrant issued under the Federal Rules of Criminal Procedure, an equivalent State warrant, a grand jury subpoena, or a court order;
>
> (D) to any person if the disclosure is solely of the names and addresses of consumers and if —

---

[1] The statute actually refers to Section 2710(d), which prohibits the use of PII as evidence in trial and other proceedings. In *Sterk I*, the Seventh Circuit noted: "[The statute says (d), but this must be an error, not only because the only 'relief' provided there is exclusion of the personally identifiable information from evidence, but also because it is very unlikely that a video tape service provider would ever be submitting, as evidence in a legal proceeding, personally identifiable information that the provider had disclosed.]" *Sterk I*, 672 F.3d at 537.

> (i) the video tape service provider has provided the consumer with the opportunity, in a clear and conspicuous manner, to prohibit such disclosure; and
>
> (ii) the disclosure does not identify the title, description, or subject matter of any video tapes or other audio visual material; however, the subject matter of such materials may be disclosed if the disclosure is for the exclusive use of marketing goods and services directly to the consumer.

18 U.S.C. § 2710(b). Plaintiff seeks statutory damages of $2,500 per violation of 18 U.S.C. § 2710(b) and punitive damages pursuant to 18 U.S.C. § 2710(c).

Defendants argue Plaintiff has not sufficiently alleged a "disclosure." Plaintiff alleges that "Best Buy Stores, L.P. and BestBuy.com L.L.C. violate the VPPA by disclosing their customer's movie purchase histories to Best Buy Co., Inc." (Sec. Am. Compl. ¶¶ 35, 39, 56.) Plaintiff further alleges that Best Buy Co., Inc. is a "separate and distinct legal entity." (*Id.* ¶ 56.) Therefore, there is the issue of whether an alleged disclosure by Best Buy to Best Buy Co., Inc. constitutes a "disclosure" within the meaning of the VPPA. Defendants submit their corporate disclosure statement that demonstrates that Best Buy Co., Inc., the parent company, wholly owns Defendants, its subsidiaries. (*See* Dkt. No. 25.) Therefore, because Best Buy Co. Inc., already owns 100 percent of Defendants' assets, including all PII, there is no "disclosure."

A court cannot consider materials outside of a complaint to determine whether the plaintiff has stated a claim.[2] *See Rosenblum*, 299 F.3d at 661. At this stage of litigation, Plaintiff has stated a claim in Count I.

---

[2] As discussed below, the Court may consider the corporate disclosure statement when considering Defendants' arguments regarding standing.

Count II – Section 2710(e) of the VPPA

In Count II, Plaintiff alleges a violation of Section 2710(e) of the VPPA. Specifically, Plaintiff alleges he was injured when Defendants unlawfully stored and retained his PII by keeping his PII for longer than Defendants' 30-day return-and-exchange period. In this count, Plaintiff's claim for unlawful retention under the VPPA is based on the Stored Communication Act's ("SCA") private-right-of-action provision, as discussed below.

Section 2710(e) of the VPPA provides:

> (e) **Destruction of old records.** A person subject to this section shall destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (b)(2) or (c)(2) or pursuant to a court order.

18 U.S.C.A. § 2710(e).

Plaintiff seeks "statutory damages of $2,500 per violation of 18 U.S.C. § 2710(e), and punitive damages, where applicable, in an amount to be determined at trial, pursuant to the Video Privacy Protection Act, 18 U.S.C. § 2710(c)." (Sec. Am. Compl., Prayer for Relief.) This claim is foreclosed by the Seventh Circuit's decision in *Sterk I*. *See Sterk I*, 672 F.3d at 538-39 (holding that subsection 2710(c) did not authorize a private right of action for unlawful retention of personal information in violation of Section 2710(e)). Therefore, Plaintiff's VPPA claim in Count II is dismissed with prejudice.

Plaintiff also asserts a claim for unlawful retention under the VPPA through the SCA's private-right-of-action provision. Section 2707(a) of the SCA provides:

> any . . . person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2707(a). The VPPA appears in the same chapter of the United States Code as the SCA provision above.[3] Thus, Plaintiff argues, the "unambiguous language allows Plaintiff to assert his retention claim under Section 2707." (Resp. at 19.)

Judge Kennelly recently addressed Plaintiff's argument in a thorough and thoughtful opinion in *Sterk v. Redbox Automated Retail, LLC*, No. 11-cv-1729, 2012 WL 3006674, at *1 (N.D. Ill. July 23, 2012) (*Sterk II*), in which Plaintiff made the same argument he makes here. The court held that the SCA does not provide a private right of relief for damages to enforce the retention provision of the VPPA for several reasons. *Id.* at *5. The court based its decision on consideration of the language of Section 2707 and the context of the statute. *See id.* at **2-6. The court pointed out that the VPPA was enacted after the SCA; thus, Congress "could not have intended for SCA's authorization of civil suits to apply to the VPPA." *Id.* at *5. The court further noted that the placement of the VPPA after the SCA's remedy provision indicates that it "applies only to the portions of the chapter that precede it." *Id.* at *3 (citing *Sterk I*, 672 F.3d at 538).

---

[3] Chapter 121 consists of §§ 2701 through 2712; these sections were enacted at different times and address different topics. Sections 2701 through 2709 comprise the SCA, which was enacted in 1986. The VPPA consists of Section 2710, which was enacted in 1988. Section 2712 was enacted as part of the USA Patriot Act. Therefore, Chapter 121 contains three different enactments authorizing causes of action, passed at different times. *See* 18 U.S.C. §§ 2707(a) (authorizing cause of action for unlawful retention under SCA); 2710(c) (authorizing cause of action for unlawful disclosure under the VPPA, 2712(c) (authorizing actions specifically against the United States under several different statutes).

Applying the principle of statutory interpretation that a statute should be construed to avoid redundancy, the court held that allowing Section 2707 of the SCA to apply to the VPPA would render the provisions of each enactment superfluous. *Id.* at *3. Applying the principle that a specific statute controls over a general statute, the court held that because the VPPA does not provide for a private right of action for retention claims, neither does the SCA. *Id.*

Given that the issues presented in the case before Judge Kennelly are essentially identical to those in this case, the reasoning in the former is persuasive here. The SCA does not provide a private right of relief for damages to enforce the retention provision of the VPPA.

However, Plaintiff also seeks injunctive relief. Under *Sterk I*, the Seventh Circuit held that the court does have the power to enjoin a defendant from violating the VPPA's retention provision. *Sterk I*, 672 F.3d at 539 ("when all that a plaintiff seeks is to enjoin an unlawful act, there is no need for express statutory authorization"). Therefore, Plaintiff's Second Amended Complaint is sufficient pursuant to Fed. R. Civ. P. 12(b)(6). But, as discussed below, Plaintiff has not pled an injury-in-fact and, therefore, lacks standing to support his retention claim.

*Defendants' Motion to Dismiss Counts I and II*
*Pursuant to Rule 12(b)(1) – Standing*

Even if Plaintiff had adequately stated a "disclosure" in Count I or "retention" in Count II under the VPPA, Plaintiff has failed to allege an injury-in-fact under Article III of the U.S. Constitution. Article III provides that federal courts may consider only "cases" and "controversies." U.S. Const. art. III, § 2. To meet the constitutional

minimum of standing, a plaintiff must provide three elements: (1) a particularized and concrete injury-in-fact that is actual or imminent; (2) "a causal connection between the injury and the conduct complained of;" and (3) a showing that it is likely an injury may be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing pertains to the Court's subject-matter jurisdiction and thus is properly raised in a motion to dismiss. Fed. R. Civ. P. 12(b)(1). The party asserting a claim has the burden to establish standing, and the court presumes lack of jurisdiction unless the claimant proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994).

Defendants argue Plaintiff cannot allege an injury-in-fact merely by asserting statutory violations.[4] Plaintiff responds that a claim of violation of a statutory right under the VPPA alone is sufficient injury-in-fact to confer Article III standing. Plaintiff also argues that he has suffered "concrete" economic injury, as discussed below.

The Supreme Court has held that "Congress cannot erase Article III's standing requirement by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Barid*, 521 U.S. 811, 820 n.3 (1997). While injury required by Article III may exist when created by statute, that rule only applies where Congress elevates "to the status of legally cognizable injuries concrete, *de facto* injuries that were

---

[4] This issue was recently before the Supreme Court in *First American Finance Corp. v. Edwards*, No. 10-708 (U.S.) (argued Nov. 28, 2011) (*Edwards*). The specific question before the Court in *Edwards* was whether a plaintiff alleging that a title insurance company violated the Real Estate Settlement Procedures Act must show that she suffered an injury from the insurance company's unlawful conduct beyond the violation of her legal rights under the statute. However, the Court dismissed the *certiorari* petition as improvidently granted in a *per curiam* opinion on June 28, 2012.

previously inadequate in law." *Lujan v. Sec'y of the Interior*, 504 U.S. 555, 560-61 (1992).

In *Doe v. Chao*, 540 U.S. 614, 621 (2004) (*Doe*), the Supreme Court interpreted the Privacy Act, which provides for: "actual damages sustained by the individual as a result of the refusal or failure [of a federal agency to comply with the Privacy Act], but in no case shall a person be entitled to recovery receive less than a sum of $1,000." 5 U.S.C. § 522a(g)(4)(A); *see Sterk I*, 672 F.3d at 538 (noting that the Privacy Act is "even less indicative [than the VPPA] that an actual injury must be proved to entitle the plaintiff to statutory damages."). The Supreme Court held that the plaintiff could not obtain statutory damages without proof of an actual injury. *Doe*, 540 U.S. at 627; *see also Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 205 (4th Cir. 2009) (holding that proving actual damages is a "prerequisite to recovering statutory damages" under the SCA).

None of Plaintiff's theories establishes an injury-in-fact for his disclosure or retention claims under the VPPA. The SCA and the VPPA require a plaintiff to be "aggrieved," meaning the individual has suffered an Article III injury-in-fact. *See* U.S.C. § 2707(c)(1); 18 U.S.C. § 2710(c)(1); *Kyles v. J.K. Guardian Sec. Services, Inc.*, 222 F.3d 289, 295 (7th Cir. 2000). Therefore, a plaintiff must plead an injury beyond a statutory violation to meet the standing requirement of Article III. Plaintiff argues that a statutory violation is adequate to meet this requirement. However, while Congress is permitted to expand standing to the extent permitted under Article III, Congress cannot abrogate the basic standing requirement that an individual suffer an actual redressable injury-in-fact. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979).

Defendants argue that merely asserting statutory violations does not establish an actual injury. Moreover, Defendants argue that Plaintiff has not actually alleged a disclosure in Count I, as defined in the VPPA. Plaintiff alleges that Best Buy Stores, L.P. and BestBuy.com L.L.C. violate the VPPA by disclosing their customer's movie purchase histories to Best Buy Co., Inc. (Sec. Am. Compl. ¶¶ 35, 39, 56.) Based on Defendants' Corporate Disclosure Statement, Best Buy Co., Inc. is the parent company of and wholly owns Defendants as its subsidiaries. (*See* Dkt. No. 25.) Therefore, because Best Buy Co., Inc. already owns 100 percent of Defendants' assets, including all PII, there can be no "disclosure" of this information by Defendants to Best Buy Co., Inc. Best Buy Co., Inc. acquired the PII at the time of Plaintiff's purchase.

"When a party challenged jurisdiction with evidence, even on a motion to dismiss under Rule 12(b)(1), 'the district court may properly look beyond the jurisdiction allegations of the complaint and view whatever evidence has been submitted on the evidence on the issue to determine whether in fact subject matter jurisdiction exists." *Sterk II*, 2012 WL 3006674, at *9 (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444-445 (7th Cir. 2009) (*Apex*)). Therefore, here, the Court may consider Defendants' corporate disclosure statement. Defendants have produced evidence calling Plaintiff's statutory standing into question; "once such evidence is proffered, the presumption of correctness that we accord to a complaint's allegations falls away, and the plaintiff bears the burden of coming forward with competent proof that standing exists." *Apex*, 572 F.3d at 444-445. Plaintiff has not submitted any competent proof that he has statutory standing under the VPPA. Nor has Plaintiff demonstrated how Best Buy Co.,

Inc.'s acquisition of the PII could be found to be the result of a "disclosure" by Defendants.

Moreover, Plaintiff has failed to allege a "concrete" economic injury sufficient to demonstrate actual injury, as to both Count I (disclosure) and Count II (retention). Plaintiff argues that Best Buy's allegedly unlawful disclosures "deprived [Plaintiff] of a portion of the value of such information." (Resp. at 7.) Defendants argue that Plaintiff has not alleged that the value of his own information has been diminished but, rather, generally alleged that Best Buy has deprived "customers" of benefits. In response, Plaintiff cites paragraphs 37-39 of the Second Amended Complaint, but these paragraphs are not supportive. These paragraphs of the Second Amended Complaint simply allege Plaintiff made purchases from Defendants and that Defendants intentionally retained his information and shared it with Best Buy Co., Inc. He does allege Defendants *sold* his information. Moreover, because Plaintiff has not alleged that he has not been able to sell his *own* information for as much value, he has not adequately pleaded an Article III injury.

Nor are Plaintiff's allegations that he overpaid Best Buy sufficient to establish actual injury. As to his retention claim, Plaintiff argues that he overpaid Best Buy because he "placed value on [Best Buy's] compliance with applicable laws, including the VPPA." (Resp. at 7.) Plaintiff alleges that he paid by credit card and that Defendants maintain "highly detailed accounts of the customers' video programming purchase histories." (Sec. Am. Compl. ¶ 4.) Plaintiff does not dispute that Defendants charge the same price for the DVDs whether by cash or credit, and that Defendants obtain no personal information if a customer purchases by cash. Therefore, because Defendants

charge the same price whether or not it obtains personal information, the "value" of that information cannot be found to be plausibly factored into the sale price. Thus, Counts I and II of the Second Amended Complaint are dismissed without prejudice on the basis of standing.

*Count III – Breach of Contract*

In Count III, Plaintiff alleges a claim for breach of contract, based on the "contracts whereby Defendants agreed to sell, and Plaintiff and the Classes agreed to purchase, certain movie DVDs." (Sec. Am. Compl. ¶ 81.) Plaintiff alleges that he purchased DVDs from Best Buy on September 28, 2004; August 6, 2006; and March 7, 2008. (*Id.* ¶ 37.) Plaintiff alleges that the contracts impliedly incorporate the VPPA, and Defendants breached the contracts by their "failure to perform their contractual obligations imposed by the VPPA – *i.e.*, confidentiality of his PII and timely destruction of same." (*Id.* ¶ 86.)

Defendants argue that Plaintiff's 2004 and 2006 contract claims are time-barred. Plaintiff fails to specifically respond to this argument.[5] "A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture." *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. Mar.14, 2008).

---

[5] Plaintiff defends only his VPPA and SCA claims. (See Resp. at 9 (referring to two-year statute of limitations under the VPPA).) Plaintiff generally argues that Defendants' statute of limitations arguments should be rejected because the discovery rule applies to VPPA claims and that Plaintiff discovered his claims less than two years before filing suit. (Resp. at 9-10.) But this argument does not address Defendants' statute-of-limitations argument as to Plaintiff's *contract* claims, which are governed by the Illinois Uniform Commercial Code ("IUCC"). As set out below, the IUCC law provides that a cause of action accrues when the breach *occurs*.

Moreover, the contracts at issue – which are for the sale of goods (DVDs) – are governed by the Illinois Uniform Commercial Code ("IUCC"). The IUCC provides that "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." 810 ILCS 5/2-725(1). A cause of action accrues "when the breach occurs, regardless of the aggrieved party's lack of knowledge." 810 ILCS 5/2-725(2). Accordingly, Plaintiff's 2004 and 2006 contract claims are barred by the statute of limitations and dismissed with prejudice.

Furthermore, to establish his 2008 breach-of-contract claim, under Illinois law, a breach-of-contract claim requires: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger*, 592 F.3d at 764 (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 759 (1st Dist. 2004)).

Plaintiff alleges that his actual damages are "the value Plaintiff and the Classes ascribe to the confidentiality and timely destruction of their PII." (Sec. Am. Compl. ¶ 87.) In addition, Plaintiff alleges that

> a portion of the purchase price of each movie sold by Defendants was intended to pay for Defendants' costs in timely destroying his PII, as required by 18 U.S.C. § 2710(e). Because Plaintiff was denied of services that he bargained and paid for and was entitle to receive – *i.e.*, confidentiality of his PII and timely destruction of same – he incurred actual monetary damages.

(*Id.* ¶ 88.) As discussed above, Plaintiff has not established that he suffered actual damages by Defendants' alleged retention of his PII. Moreover, Plaintiff alleges no facts to support that an actual "disclosure" occurred under the VPPA. Therefore, Plaintiff cannot assert a claim that a term of the contract between Plaintiff and Defendants has

been breached. Accordingly, Plaintiff's 2008 breach-of-contract claim is dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [67] is granted. The Motion is granted without prejudice as to Counts I and II, as Plaintiff fails to meet the requirements of standing under Article III. Count III is dismissed with prejudice as to Plaintiff's 2004 and 2006 contract claims and without prejudice as to Plaintiff's 2008 contract claim. Plaintiff may file an amended complaint, if he can do so consistent with the requirements of Federal Rule of Civil Procedure 11, within 30 days of the date of this Order. A status hearing is set for November 1, 2012, at 9:30 a.m.

Date: 10-17-12

JOHN W. DARRAH
United States District Court Judge