**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Kevin Sterk, individually and on behalf of other similarly-situated individuals, | )<br>)<br>)    Civil Case No. 1:11-cv-1894<br>) |
| Plaintiff, | )    Honorable John W. Darrah<br>) |
| vs. | )<br>) |
| Best Buy Stores, L.P. and BestBuy.com, LLC, d/b/a Best Buy, | )   **Defendants' Memorandum in Opposition**<br>)   **to Plaintiff's Motion for Reconsideration**<br>) |
| Defendants. | )<br>) |

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................. 1

Argument ..................................................................................................................... 1

I.     The Motion to Reconsider is Procedurally Improper ........................................... 1

II.    The Motion to Reconsider Standard .................................................................... 2

III.   The Court's Decision that Plaintiff Lacks Standing is Not "Manifest
       Error." ................................................................................................................ 2

       A.     Plaintiff Must Establish Article III Injury-in-Fact .................................... 2

       B.     Plaintiff Does Not Plausibly Plead Any Injury-in-Fact ............................ 3

              1.     Mere "Disclosure" and "Retention" Are Not Injuries-in-
                     Fact ................................................................................................ 3

              2.     Plaintiff Cannot Plausibly Plead Any Lost Value ......................... 4

              3.     Plaintiff Cannot Plausibly Plead That He Overpaid Best
                     Buy ................................................................................................ 5

       D.     The Court Did Not Erroneously Analyze the "Merits." ............................ 7

IV.    Should the Court Reconsider Its Ruling, the Court Can Dismiss the
       Complaint for Other Reasons ............................................................................. 8

       A.     Statutes of Limitation Bar the VPPA and SCA Claims ............................ 8

       B.     Plaintiff Did Not Adequately Plead a "Disclosure." ................................. 9

       C.     Plaintiff Cannot Obtain Injunctive Relief for Information Over-
              Retention ................................................................................................. 9

       D.     Plaintiff's Contract Claims Fails for Multiple Reasons .......................... 11

       E.     BestBuy.com Should be Dismissed ....................................................... 11

Conclusion ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alexander v. Sandoval*,
532 U.S. 275 (2001) ........................................................................................................... 10

*Apex Digital, Inc. v. Sears, Roebuck & Co.*,
572 F.3d 440 (7th Cir. 2009) .............................................................................................. 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................... 7

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) .............................................................................................. 6

*Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*,
90 F.3d 1264 (7th Cir. 1996) ......................................................................................... 2, 4

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ...................................................................................................... 9, 10

*California v. Sierra Club*,
451 U.S. 287 (1981) ........................................................................................................... 10

*Estate of Johnson v. Johnson*,
88 N.E.2d 886 (Ill. App. Ct. 1949) ..................................................................................... 7

*Evans v. Linden Research, Inc.*,
No. 11-01078, 2012 U.S. Dist. LEXIS 166006 (N.D. Cal. Nov. 20, 2012) ........................ 6

*Gladstone Realtors v. Vill. of Bellwood*,
441 U.S. 91 (1979) .......................................................................................................... 2, 3

*Graczyk v. West Pub. Corp.*,
660 F.3d 275 (7th Cir. 2011) ......................................................................................... 3, 4

*In re Netflix Privacy Litig.*,
No. 5:11-cv-379 (N.D. Cal.) ............................................................................................... 6

*In re Sony Gaming Networks & Customer Data Breach Litig.*,
No. 11-md-2258, 2012 U.S. Dist. LEXIS 146971 (S.D. Cal. Oct. 11, 2012) ...................... 6

*Instep Software, LLC v. Instep (Beijing) Software Co.*,
No. 11-cv-3947, 2012 U.S. Dist. LEXIS 108528 (N.D. Ill. Aug. 12, 2012) .................... 2, 9

# TABLE OF AUTHORITIES
(continued)

Page

*Kim v. Carter's Inc.*,
    598 F.3d 362 (7th Cir. 2010)...................................................................... 5

*McCauley v. City of Chicago*,
    671 F.3d 611 (7th Cir. 2011)...................................................................... 9

*Morales v. Attorneys' Title Ins. Fund, Inc.*,
    983 F. Supp. 1418 (S.D. Fla. 1997)........................................................... 5

*Nat'l Coalition of Prayer, Inc. v. Carter*,
    455 F.3d 783 (7th Cir. 2006)...................................................................... 4

*Nw. Nat'l Ins. Co. v. Maggio*,
    976 F.2d 320 (7th Cir. 1992)...................................................................... 10

*Plata v. Schwarzenegger*,
    603 F.3d 1088 (9th Cir. 2010).................................................................... 9, 11

*Raines v. Byrd*,
    521 U.S. 811 (1997).................................................................................... 2, 3

*Resnick v. AvMed, Inc.*,
    693 F.3d 1317 (11th Cir. 2012).................................................................. 6

*Russell v. Delco Remy Div. of Gen. Motors Corp.*,
    51 F.3d 746 (7th Cir. 1995)........................................................................ 1

*Senne v. Vill. of Palatine, Ill.*,
    695 F.3d 597 (7th Cir. 2012)...................................................................... 3

*Sibley v. Health & Hosps.' Governing Comm'n of Cook Cnty.*,
    317 N.E.2d 642 (Ill. Ct. App. 1974)........................................................... 7

*Sterk v. Redbox Automated Retail, LLC*,
    672 F.3d 535 (7th Cir. 2012)...................................................................... 3, 9, 10

*Wheeling-Pittsburgh Steel Corp. v. Mitsui & Co.*,
    221 F.3d 924 (6th Cir. 2000)...................................................................... 10, 11

**Statutes**

18 U.S.C. § 2710(b)(2)(B) ............................................................................ 7

28 U.S.C. § 1927............................................................................................ 8

## TABLE OF AUTHORITIES
(continued)

Page

**Rules**

Fed. R. Civ. P. 1 .................................................................................................... 8

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 7

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 7

Fed. R. Civ. P. 12(d) .......................................................................................... 8, 9

Fed. R. Civ. P. 54(b) ............................................................................................ 1

Fed. R. Civ. P. 59 ................................................................................................. 1

Fed. R. Civ. P.  60(b) ........................................................................................... 1

**Other Authorities**

Restatement (Second) of Torts § 652D (1977) .................................................... 3

## Introduction

On October 17, 2012, this Court determined that Plaintiff failed to establish facts demonstrating Article III standing. Rather than timely revising his Second Amended Complaint ("SAC"), Plaintiff instead asks for reconsideration. Motions to reconsider, however, are—and must be—constrained. Otherwise, parties can unnecessarily multiply proceedings, delay appellate review, and evade page limits by saving arguments for later motions.

In this case, Plaintiff's motion suffers these defects and more. As described below, Plaintiff's motion is procedurally improper, he repeats arguments, he asserts arguments that he should have made earlier, and he is wrong. If Plaintiff believes that the Court legally erred, he should appeal to the Seventh Circuit rather wasting this Court's resources.

## Argument

### I.     The Motion to Reconsider is Procedurally Improper.

The initial problem with Plaintiff's Motion to Reconsider is that the Federal Rules of Civil Procedure do not permit it. Plaintiff claims that his motion is proper under Rule 54(b) (*Pl.'s Mem.* at 1), but that Rule does not apply. Rule 54(b) states that "any order or other decision … that adjudicates fewer than all of the claims … may be revised at any time before the entry of a judgment …." Fed. R. Civ. P. 54(b). In this case, however, the Court's October 17th Order adjudicates all of the claims—not "fewer than all of the claims"—as required by Rule 54(b).

Nor can Plaintiff bring the motion under any other Rule. Rule 59 requires that motions be filed within 28 days of the order. Fed. R. Civ. P. 59(e). Here, Plaintiff filed his motion on November 16—30 days after the Court's October 17th decision. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (Rule 59 must be invoked within the specified time). Nor can Plaintiff satisfy the limited grounds for relief identified in Rule 60(b).

That "rule was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Id.*

## II.     The Motion to Reconsider Standard.

A motion for reconsideration serves "a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  *Instep Software, LLC v. Instep* (*Beijing*) *Software Co.*, No. 11-cv-3947, 2012 U.S. Dist. LEXIS 108528, at *3 (N.D. Ill. Aug. 12, 2012) (citation omitted).  In this case, Plaintiff relies on the "manifest error" prong.  (*Pl.'s Mem.* at 2.) As to that prong, Plaintiff must demonstrate that the Court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Id.* at *4 (citation omitted).  Whether to reconsider is a matter of the Court's discretion.  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## III.     The Court's Decision that Plaintiff Lacks Standing is Not "Manifest Error."

### A.     Plaintiff Must Establish Article III Injury-in-Fact.

Relying on established Supreme Court precedent, this Court correctly held that Plaintiff must establish an injury-in-fact as required by Article III, and not merely a violation of the VPPA.  Quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997), the Court stated:

> The Supreme Court has held that "Congress cannot erase Article III's standing requirement by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."

(*Order* at 10.)  Then, citing *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979), the Court held:

> [W]hile Congress is permitted to expand standing to the extent permitted under Article III, Congress cannot abrogate the basic standing requirement that an individual suffer an actual redressable injury-in-fact.

(*Order* at 11.)

2

In contrast to these Supreme Court decisions, Plaintiff claims "Article III doesn't in any way impose upon Sterk an obligation to show that he suffered injury-in-fact beyond a violation of the VPPA." (*Pl.'s Mem.* at 1.) Then, without ever once mentioning *Raines* and *Gladstone*, Plaintiff audaciously asserts:

> In short, *none* of the authority cited by this Court in its Order imposes an "additional injury" standing requirement and the cases addressed above— including those from the Supreme Court and the Seventh Circuit—show that a statute can confer standing and remedies solely based on a statutory violation and without additional or independent injury.

(*Pl.'s Mem.* at 8 (emphasis added).) The Seventh Circuit cases that Plaintiff relies upon do not address the constitutional limitations on Congress's ability to create standing. *See Senne v. Vill. of Palatine, Ill.*, 695 F.3d 597 (7th Cir. 2012); *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535 (7th Cir. 2012); *Graczyk v. West Pub. Corp.*, 660 F.3d 275 (7th Cir. 2011).

## B. Plaintiff Does Not Plausibly Plead Any Injury-in-Fact.

Claiming an injury-in-fact, Plaintiff reargues two theories already rejected by the Court, and asserts a new theory. None merit reconsideration.

### 1. Mere "Disclosure" and "Retention" Are Not Injuries-in-Fact.

Best Buy, in its opening memorandum in support of dismissal, specifically argued that neither the particular disclosure alleged by Plaintiff, nor mere information retention, constitute Article III injuries. (Dkt. No. 68 at 5-6.) While a *public* disclosure of private information can be sufficient for standing (*see* Restatement (Second) of Torts § 652D (1977); *Graczyk*, 660 F.3d at 278), Plaintiff does not allege any public disclosure in this case. And as to retaining information overly long, there is no injury at all. As the Seventh Circuit asked in *Redbox*, "[h]ow could there be injury, unless the information, not having been destroyed, were disclosed?" 672 F.3d at 538.

In opposing Best Buy's motion, Plaintiff did not dispute this proposition (Dkt. No. 78). Having chosen not to contest the point, Plaintiff cannot do so now. "Reconsideration is not an

appropriate forum for … arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270. In any event, the cases Plaintiff cites are distinguishable. (*Pl.'s Mem.* at 6.) The first case concerned a public disclosure of private information, as the State transmitted data to a private corporation. *See Graczyk*, 660 F.3d at 277. And the other case did not concern any disclosure whatsoever. *See Nat'l Coalition of Prayer, Inc. v. Carter*, 455 F.3d 783, 785-92 (7th Cir. 2006) (upholding Indiana's do-not-call statute).

### 2. Plaintiff Cannot Plausibly Plead Any Lost Value.

Plaintiff also contends that he was deprived of the value of his personal information. (*Pl.'s Mem.* at 9.) Best Buy moved to dismiss, noting that Plaintiff had not alleged that he had lost the ability to sell his own information. (Dkt. 68 at 7.) Plaintiff disagreed, pointing to paragraphs 37-39 of the Second Amended Complaint. (Dkt. 78 at 8.) But as the Court noted, those paragraphs say no such thing. (*Order*, at 13.)

In his motion for reconsideration, Plaintiff now points to a different part of the Second Amended Complaint. In paragraph 64, the SAC alleges that Defendants "have diluted the value of Plaintiff's and the Class's personal property, and deprived them of the opportunity to sell their personal property for their own financial gain." (*Pl.'s Mem.* at 9.) But Plaintiff still has not pleaded that he ever desired to sell his information and that he could not; and Plaintiff refuses to amend his Complaint to say so.

Plaintiff's claim also does not plausibly fit his theory of liability. According to Plaintiff, Best Buy Stores, L.P. disclosed his information to Best Buy Co., Inc.; and Best Buy Stores, L.P. retained his information overly long. Even if true, neither of these acts would impact Plaintiff's ability to sell his information at market for financial gain because Defendants did not release information into the market. The Court's Order made this very point in stating that Plaintiff "does [not] allege that Defendants *sold* his information." (*Order* at 13 (original emphasis).)

Focusing on the word "*sold,*" Plaintiff claims that he could be injured if Best Buy released his personal information into the market for free, rather than selling it. (*Pl.'s Mem.* at 9.) But by emphasizing "*sold,*" the Court did not intend to focus on the financial aspect of the transaction, but rather on whether Plaintiff's information was released into a market. As to that, Plaintiff makes no allegation.

### 3.    Plaintiff Cannot Plausibly Plead That He Overpaid Best Buy.

Plaintiff's final injury theory is that he "overpaid" Best Buy. The Court correctly rejected this argument because Plaintiff does not plausibly plead that he could have purchased his DVDs for less: Best Buy charges the same amount regardless of whether it obtains personal information. (*Order* at 13-14.) *See Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010) (plaintiffs not damaged absent allegation that "they could have shopped around and found a better price in the marketplace"); *Morales v. Attorneys' Title Ins. Fund, Inc.*, 983 F. Supp. 1418, 1429 (S.D. Fla. 1997) (absent a legal right to pay less than the stated amount—where the government has established the price—plaintiffs lacked Article III injury-in-fact).

Plaintiff now claims that the Court misinterpreted his argument. Rather than asserting that he paid for VPPA compliance, he now asserts that he should have obtained a discount for VPPA non-compliance. (*Pl.'s Mem.* at 10.) Assuming that this theory is somehow different, Plaintiff's first problem is that the SAC does not plead it. Plaintiff relies on SAC ¶ 62, but that paragraph says that Plaintiff paid a premium for VPPA compliance, not that he would have obtained a discount for non-compliance.

As the SAC does not plead this theory, Plaintiff unsurprisingly did not raise it earlier. In the paragraph of his Opposition Brief addressing his "overpayment" theory of standing, Plaintiff

5

does not even mention SAC ¶ 62, on which he now relies.  (*See Pl.'s Mem.* at 7-8.)  Plaintiff may not use a motion to reconsider to raise arguments that he could have made earlier.[1]

Further, Plaintiff's new injury theory remains implausible for the same reason as his initial theory.  When Plaintiff entered Best Buy, he had the option of: (1) buying videos with cash and without providing personal information; or (2) paying the same amount *plus* providing personal information.  Because Plaintiff did not seek a discount for providing personal information, he did not place any value on how Best Buy would use (or allegedly misuse) that information.

Plaintiff's standing theory also relies on an unstated but incorrect assumption.  In order for Plaintiff to have "overpaid" for his videos, the terms of the VPPA would have to be incorporated into his purchase agreement.   But as a matter of law, and as previously argued, the purchase contract did not incorporate the VPPA.  (Dkt. No. 68 at 21-22; Dkt. No. 79 at 13-15.)  Absent an allegation that Plaintiff was deprived of an agreed-upon benefit, Plaintiff lacks Article III standing.  *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 961-62 (9th Cir. 2009) (rejecting benefit-of-the-bargain standing theory); *Evans v. Linden Research, Inc.*, No. 11-01078, 2012 U.S. Dist. LEXIS 166006, at *23 (N.D. Cal. Nov. 20, 2012) (plaintiffs lacked standing because they failed to provide evidence that, had they known other facts, they would have paid less for the product).

---

[1] Plaintiff's supporting citations—placed in a footnote—do not help him.  (*Pl.'s Mem.* at 10 n.8.)  To begin, Plaintiff cites an expert report that his lawyers submitted in a different case.  To the extent that this is "evidence," Plaintiff states no reason why he could not have presented it earlier; nor does Plaintiff even suggest that the document is worthy of judicial notice.  In any event, Plaintiff misstates the contents of that expert report.  Dr. Egelman reported that, in responding to a survey, some persons would pay more for additional privacy if given the option.  *In re Netflix Privacy Litig.*, No. 5:11-cv-379 (N.D. Cal.) Dkt. No 191-2, pp. 14-16 of 31.  But the survey assumed a disclosure different than what Plaintiff alleges here (between a wholly-owned subsidiary and its parent), and it falsely assumed that purchasers had an option.  Plaintiff's case citations are likewise distinguishable.  *See In re Sony Gaming Networks & Customer Data Breach Litig.*, No. 11-md-2258, 2012 U.S. Dist. LEXIS 146971, at *49-50 (S.D. Cal. Oct. 11, 2012) (public dissemination of personal information); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012) (public dissemination of personal information led to identity theft).

Plaintiff's theory also lacks common sense. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). Plaintiff claims that he was entitled to a "discount in exchange for voluntarily foregoing [his] VPPA rights" (*Pl.'s Mem.* at 10), but Best Buy could not offer that exchange. The VPPA permits disclosures in limited circumstances only, and Best Buy cannot reach a private agreement to violate that statute. An agreement to violate a statute—even for a lower price—is void. *See Sibley v. Health & Hosps.' Governing Comm'n of Cook Cnty.*, 317 N.E.2d 642, 646 (Ill. Ct. App. 1974) ("A contract which violates a valid statute is void. There is no exception to this rule …."); *Estate of Johnson v. Johnson*, 88 N.E.2d 886, 889 (Ill. App. Ct. 1949) (contract in violation of federal statute is void under Illinois law). While the VPPA permits disclosures with informed written consent (*see* 18 U.S.C. § 2710(b)(2)(B)), Plaintiff does not allege that he would have provided that consent in return for a price discount.

### D. The Court Did Not Erroneously Analyze the "Merits."

Citing the Seventh Circuit's decision in *Apex Digital, Inc. v. Sears, Roebuck & Company*, 572 F.3d 440 (7th Cir. 2009), this Court held that it can examine evidence to determine whether subject matter jurisdiction exists. (*Order* at 12.) Plaintiff's motion for reconsideration argues that the Court improperly analyzed the merits of his claims, but Plaintiff does not mention *Apex* nor can he distinguish it.

In *Apex*, plaintiff filed suit alleging that Sears had failed to pay for delivered goods. *Apex*, 572 F.3d at 442. Sears responded by arguing that, because plaintiff had assigned its right to payment to another entity, the plaintiff lacked standing. Sears filed a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6). *Id.* Even though plaintiff's assignment of its rights could have been viewed as a merits defect, the Seventh Circuit agreed with the lower court's examination of extrinsic evidence and affirmed its dismissal of the complaint under Rule 12(b)(1). *Id.* at 443-45.

7

Plaintiff fails to explain why his procedural point makes a difference in this case.  Indeed, Plaintiff nowhere disputes that Best Buy Co., Inc. wholly owns Best Buy Stores, L.P.  In this circumstance, the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1; *see also* 28 U.S.C. § 1927. Plaintiff's real complaint is not that the Court analyzed "merits," but rather that he disagrees with the Court's legal interpretation of the term "disclosure" within the VPPA.  (*Pl.'s Mem.* at 13.) As to that issue, Plaintiff admits he says nothing new.  (*Pl.'s Mem.* at 13, n.9.)  Disagreement with the Court is not a proper basis for reconsideration.

To the extent that the Court is at all concerned about the procedural posture, it can convert Best Buy's earlier motion into one for summary judgment, and give Plaintiff an opportunity to controvert the attached declaration.  *See* Fed. R. Civ. P. 12(d).  That declaration confirms that Best Buy Stores L.P. is wholly-owned by Best Buy Co., Inc.

## IV.  Should the Court Reconsider Its Ruling, the Court Can Dismiss the Complaint for Other Reasons.

If the Court accepts Plaintiff's invitation to reconsider, then the Court should address other issues as well.  Those issues likewise compel the dismissal of the SAC.

### A.  Statutes of Limitation Bar the VPPA and SCA Claims.

In its opening memorandum, Best Buy argued that Plaintiff's VPPA and SCA claims are barred by the statute of limitations.  (Dkt. No. 68 at 8-9.)  Best Buy demonstrated Plaintiff's early knowledge of relevant facts through Plaintiff's purchase receipts and Best Buy's privacy policy, both of which the SAC references.  Plaintiff tried to challenge the authenticity of some of those documents.  But based on the documents he did not challenge, or pursuant to Rule 12(d) if necessary, the VPPA and SCA claims should be dismissed.

### B. Plaintiff Did Not Adequately Plead a "Disclosure."

The Seventh Circuit teaches that a party may not merely recite the elements of a cause of action in order to avoid a motion to dismiss. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). But that is the case here. Plaintiff merely repeats the elements of the cause of action in alleging that Best Buy Stores, L.P. disclosed information to Best Buy Co., Inc. Plaintiff does not allege what, when, how or why this information might have been disclosed. And even if Plaintiff adequately pleads that some disclosure happened, he fails to plead that the alleged disclosure was impermissible under the VPPA. (Dkt. No. 68 at 11-13; Dkt. No. 79 at 9-10.)

### C. Plaintiff Cannot Obtain Injunctive Relief for Information Over-Retention.

During the earlier briefing, Plaintiff did not argue a right to injunctive relief arising from the Court's equitable powers. As a result, the Court's decision to permit such a claim for injunctive relief was "outside the adversarial issues presented to the Court by the parties." *Instep*, 2012 U.S. Dist. LEXIS 108528, at *4. In the event that the Court reconsiders it prior ruling, then Best Buy requests that the issue of injunctive relief also be reconsidered.

In this case, the Court has already ruled that Congress did not intend to grant a private right of action for information over-retention, either through the VPPA or the SCA. (*Order* at 7-9.) Nevertheless, the Court allowed a claim for injunctive relief based on the Seventh Circuit's recent decision in *Sterk*. (*Order* at 9.) In its decision, the Seventh Circuit stated:

> [W]hen all that a plaintiff seeks is to enjoin an unlawful act, there is no need for express statutory authorization; "absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction." *Califano v. Yamasaki*, 442 U.S. 682, 705, 99 S. Ct. 2545, 61 L. Ed. 2d 176 (1979); see also *Plata v. Schwarzenegger*, 603 F.3d 1088, 1094 (9th Cir. 2010); *Wheeling-Pittsburgh Steel Corp. v. Mitsui & Co.*, 221 F.3d 924, 927 (6th Cir. 2000).

*Sterk*, 672 F.3d at 539. That language was not necessary for the decision, as the issue on appeal was solely whether the VPPA created a private cause of action for an alleged over-retention of

information. Because the Seventh Circuit's dictum was erroneous, this Court should not have

followed it. *Nw. Nat'l Ins. Co. v. Maggio*, 976 F.2d 320, 323 (7th Cir. 1992) ("No court, even a

federal court in a diversity suit, is obliged to treat a dictum of another court (or, for that matter,

its own dicta) as binding precedent.")

   As the Supreme Court has explained, absent a statutory private right of action or some

other jurisdictional basis, a plaintiff cannot bring a claim for purely injunctive relief. For

example, in *California v. Sierra Club*, 451 U.S. 287 (1981), an environmental organization and

two private citizens filed suit to enjoin California's construction and operation of water diversion

facilities, pursuant to § 10 of the Rivers and Harbors Appropriation Act of 1899. The Supreme

Court initially determined that the Act did not explicitly or implicitly create a private right of

action. *Id.* at 290, 297-98. Nonetheless, California asked the Court to reach the merits of

injunction claim; but the Court refused:

> Our ruling that there is no private cause of action permitting respondents to
> commence this action disposes of the cases: we cannot consider the merits of
> claim which Congress has not authorized respondents to raise.

*Id.* at 298; *see also Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) ("Without [a private

remedy created by Congress], a cause of action does not exist and courts may not create one, no

matter how desirable that might be as a policy matter, or how compatible with the statute.").

   The cases cited by the Seventh Circuit in *Sterk* do not hold differently. In each of those

cases, plaintiffs had a statutory right of action and the courts merely affirmed the power to award

injunctive relief to parties properly before them. *See Yamasaki*, 442 U.S. at 705 (where courts

have jurisdiction to "affirm[], modify[], or revers[e]" an agency, they also "retain their equitable

power to issue injunctions"); *Plata*, 603 F.3d at 1093-96 (when the State failed to comply with a

consent order arising out of prisoner litigation, court could appoint receiver to oversee

remediation); *Wheeling-Pittsburgh*, 221 F.3d at 927 (even though plaintiff had private right of action for damages, the claim for injunctive relief did not fall within the court's traditional equitable powers). Because Plaintiff in this case does not have a private right of action, he cannot seek—and the Court cannot grant—injunctive relief.

### D. Plaintiff's Contract Claims Fails for Multiple Reasons.

Plaintiff acknowledges that the statute of limitations bars his contract claim with respect to his 2004 and 2006 purchases. (*Pl.'s Mem.* at 14, n.12.) Other deficiencies doom his contract claim for the 2008 purchase. First, his contract does not incorporate the VPPA. (Dkt. No. 68 at 21-22.) Second, Plaintiff has not pleaded "actual damages" as required for a contract claim. (*Id.* at 22-23.) Third, Plaintiff did not comply with the UCC's pre-lawsuit notice requirement. (*Id.* at 24.) And fourth, if his SCA claim survives, then it pre-empts his contract claim. (*Id.*)

### E. BestBuy.com Should be Dismissed.

Although he names BestBuy.com as a defendant, Plaintiff still has not made any allegation that he purchased any DVD from BestBuy.com. Because Plaintiff does not allege any harm caused by BestBuy.com, BestBuy.com should be dismissed from the lawsuit.

### Conclusion

Plaintiff's motion for reconsideration is procedurally improper, it repeats arguments that Plaintiff made earlier, it asserts new arguments that Plaintiff could have made earlier, and it is wrong. The motion should be denied.

DATED:  December 21, 2012

By:   __s/ Joel A. Mintzer_____
                Joel A. Mintzer


**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Joel A. Mintzer (*admitted pro hac vice*)
Andrea Kloehn Naef (*admitted pro hac vice*)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500
Email: jamintzer@rkmc.com
Email: aknaef@rkmc.com

**-AND-**

**KATTEN MUCHIN ROSENMAN LLP**
Alexander S. Vesselinovitch
Emily J. Prentice
525 W. Monroe Street
Chicago, IL 60661-3693
(312) 902-5200
Email: avesselinovitch@kattenlaw.com
Email: emily.prentice@kattenlaw.com

**ATTORNEYS FOR BEST BUY STORES, L.P.
AND BESTBUY.COM, LLC**

12

## CERTIFICATE OF SERVICE

I, Elissa L. Becker, certify that on December 21, 2012, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

**Rafey S. Balabanian**
**Benjamin Harris Richman**
**Ari Jonathan Scharg**
Edelson McGuire LLC
350 North LaSalle Street
Suite 1300
Chicago, IL 60654
Phone: 312/589-6370
Fax: 312/589-6378
Email: rbalabanian@edelson.com
Email: brichman@edelson.com
Email: wgray@edelson.com
Email: ascharg@edelson.com

By: s/Elissa L. Becker

13