Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-1894 | **DATE** | 6/27/13 |
| **CASE TITLE** | Sterk v. Best Buy Stores, L.P. and BestBuy.com, L.L.C. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Reconsideration [94] is denied. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On October 17, 2012, this Court granted Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (*See* Doc. # 91.) In his Second Amended Complaint, Plaintiff asserted claims for violations of Video Privacy Protection Act (VPPA), 18 U.S.C § 2710 *et seq*. (Counts I and II) and for breach of contract (Count III). As discussed in the October 17, 2012 Order, this Court dismissed Counts I and II because Plaintiff failed to allege an injury-in-fact to meet the standing requirement of Article III of the U.S. Constitution. This Court also dismissed Count III because Plaintiff's 2004 and 2006 breach of contract claims were time-barred by the statute of limitations and because Plaintiff failed to allege actual damages for his 2008 breach of contract claim. The Order provided that Plaintiff could file an amended complaint, consistent with the requirements of Fed. R. Civ. P. 11, within thirty days of the date of the Order.

Plaintiff brought his Motion pursuant to Federal Rule 54(b), which provides that "any order or other decision . . . that adjudicates fewer than all of the claims . . . may be revised at any time before the entry of a judgment . . . " Fed. R. Civ. P. 54(b). Defendants argue that Rule 54(b) does not apply because the October 17, 2012 Order adjudicated all of Plaintiff's claims. Defendants further note that Plaintiff cannot bring a motion under Federal Rule 59(e) because those motions must be filed within 28 days of the order. Fed. R. Civ. P. 59(e). In response, Plaintiff argues that, because this Court granted Plaintiff leave to amend, the October 17, 2012 Order was interlocutory and not final.

The October 17, 2012 Order adjudicated all of Plaintiff's claims, but was not yet a final judgment because it granted Plaintiff leave to amend within thirty days. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("An order dismissing a complaint without prejudice is not final . . . because the plaintiff is free to amend his pleading and continue the litigation."). Rule 54(b) applies to motions to reconsider when such motions are filed after an interlocutory order and before the entry of a "final judgment." *Pivot Point Int'l, Inc. v. Charlene Products, Inc.*, 816 F.Supp. 1286, 1288 (N.D.Ill.1993). Instead of filing an amended complaint within thirty days, Plaintiff filed this present Motion. Although it is possible for a judgment to become final once the time for curing a dismissal of a complaint passes under Seventh Circuit law, *see Otis v. Chicago*, 29 F.3d 1159, 1165 (7th Cir. 1994) (*en banc*), the Seventh Circuit also has cautioned that

"'springing' judgments (judgments that become final automatically upon the occurrence of some condition specified in an earlier order) should be avoided because they are a potent source of confusion concerning the timeliness of appeals." *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 281 (7th Cir. 2002). Further, no Rule 58 judgment has been entered to clarify that the Order was final. Consequently, the Court will consider the Order as non-final for purposes of this Motion and will treat Plaintiff's Motion as procedurally proper.

In his Motion, Plaintiff argues that this Court misapplied the Article III standing requirement. Specifically, Plaintiff argues that he does not have to allege injury beyond violation of a statutory right and, furthermore, that he has alleged sufficient economic harm to satisfy Article III standing and to state a breach of contract claim. However, in the October 17, 2012 Order, this Court specifically addressed the issues that Plaintiff seeks to re-litigate regarding Article III standing and actual injury-in-fact. Plaintiff has not identified a manifest error of law or fact in that Order. Consequently, Plaintiff's Motion for Reconsideration is denied. If Plaintiff fails to amend his Second Amended Complaint within thirty days of this Order, the dismissal of his Second Amended Complaint will be final, and the case will be terminated.